IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY C.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No. 3:24-cv-01624-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kimberly C. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits and supplemental security income benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) For the reasons provided below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On December 11, 2019, Plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability beginning on June 15, 2012, when she was 40 years old. Tr. 65-93. The claims were denied initially and on reconsideration. Tr. 78, 92, 114, 132. A hearing was held on August 2, 2023, before Administrative Law Judge Joseph Doyle. Tr.

---

[1]In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

39. On November 24, 2023, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled. Tr. 31. On July 22, 2024, the Appeals Council denied review, making the ALJ's decision the final agency decision. Tr. 1-6. This action followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then

    the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

  The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since December 11, 2019, the amended alleged onset date. Tr. 17.

2. Plaintiff has the following severe impairments: lumbar degenerative disc disease, status post hemilaminectomy and partial facetectomy; sciatica; knee osteoarthritis; obesity; and chronic obstructive pulmonary disease. Tr. 17.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 19.

4. Plaintiff has the residual functional capacity to perform a full range of light work but with the following limitations: she can only occasionally climb ladders, ropes, or scaffolds; can only occasionally climb ramps or stairs; can only occasionally stoop, kneel, crouch, crawl, and engage in balancing on uneven surfaces; and can have only occasional exposure to concentrated airborne irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. Tr. 20.

5. Plaintiff is unable to perform any past relevant work. Tr. 29.

6. Plaintiff was born on September 9, 1971, and was 48 years old, which is defined as a "younger individual" on the amended alleged disability onset date. Tr. 29.

7. Plaintiff has at least a high school education and is able to communicate in English. Tr. 29.

8. Transferability of job skills is not material to the determination of disability because Plaintiff's past relevant work is unskilled. Tr. 29.

9. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including office helper, assembler II, and garment sorter. Tr. 30.

10. Plaintiff has not been under a disability, as defined in the Social Security Act, since December 11, 2019, the date the application was filed. Tr. 30-31.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse

the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents a single issue for review: Whether the ALJ erred by improperly rejecting the opinion of the consultative examiner. For the following reasons, the Court finds that the ALJ identified substantial evidence in support of his evaluation of the consultative examiner's medical opinion. The Commissioner's decision is affirmed.

### I. MEDICAL OPINION EVIDENCE

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence

showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be the most important factors in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). In evaluating the "supportability" and "consistency" of a medical opinion, the ALJ is not required to articulate how each individual medical opinion was considered. For example, where a single medical source provides more than one medical opinion, the ALJ will generally address the source's medical opinions together in a single analysis. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL

6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

Dr. Xavier Stacey, M.D., performed a disability consultative examination in January 2022. Tr. 1227-37. Dr. Stacey noted Plaintiff's chief complaints: arthritis in his hips and spine and previous paralysis in the left leg, "bulging discs, sitting, standing, walking[,]" mobility issues, recovering addiction from pain medication," undiagnosed stomach problems[,]" migraines, and chronic pain in the back with limiting lifting capacity. Tr. 1227-28. Dr. Stacey then documented Plaintiff's history of present illness, activities of daily living, and conducted a physical examination of Plaintiff. Tr. 1227-34. During the physical examination, Dr. Stacey noted no muscle spasms, a decreased range of motion in Plaintiff's neck, and normal, symmetric muscle bulk and tone. Tr. 1230-34.

During his neuromuscular strength assessment of Plaintiff, Dr. Stacey documented Plaintiff had a "normal, reciprocal gait pattern widened due to habitus[,]" Plaintiff's straight leg test was negative bilaterally, and his tandem walking was normal. Tr. 1230, 1232. Dr. Stacey noted that Plaintiff was able to rise from a seated position without assistance but needed

8 - Opinion and Order

assistance getting up and down from the examination table. Tr. 1232. Evaluating Plaintiff's functional limitations, Dr. Stacey opined that Plaintiff could sit for four hours in an eight-hour workday for thirty minutes at a time. Tr. 1235. He also opined that Plaintiff could stand and walk for two hours in an eight-hour workday for fifteen minutes at a time. Tr. 1235. Dr. Stacey indicated that Plaintiff could lift and carry at least ten pounds frequently, and twenty pounds occasionally. He opined that Plaintiff could bend and squat frequently. Tr. 1235. Concerning environmental and activity limitations, Dr. Stacey opined that Plaintiff could not climb ladders but could frequently use the stairs. Tr. 1235.

The ALJ found Dr. Stacey's opinion was "generally persuasive to the extent that [it] support[s] the finding that [Plaintiff] is limited to the light exertional level with additional postural limitations." Tr. 27. The ALJ specifically rejected Dr. Stacey's opined standing and walking limitations, reasoning that the limitations were not supported by his own examination. *Id.* The ALJ further concluded that Dr. Stacey's opinions were inconsistent with the medical record. *Id.*

Regarding "supportability," the ALJ adequately discussed how Dr. Stacey's assessment of Plaintiff's functioning is unsupported by Dr. Stacey's own examination and comments. *Id.* The supportability factor requires ALJs to consider the persuasiveness of a medical opinion based on how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion." 20 C.F.R. § 404.1520c(c)(1). Here, the ALJ reasonably explained that Dr. Stacey's opinion that Plaintiff can only stand for two hours in an eight-hour work day and for only fifteen minutes at a time is at odds with Dr. Stacey's findings that Plaintiff exhibited normal tandem walking, a normal range of motion in all areas of the lower extremities, no joint tenderness, normal reciprocal gait pattern, no balance problems,

9 - Opinion and Order

and normal reflexes and sensation. Tr. 28. The ALJ's determination that Dr. Stacey's unduly restrictive opinion was not supported by her own findings is rational and fully complies with the requirements of 20 C.F.R. § 404.1520c(c)(1).

The ALJ also adequately discussed the consistency of Dr. Stacey's opinion when finding it unpersuasive. The consistency factor requires the ALJ to assess a medical opinion's alignment with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). The ALJ found Dr. Stacey's opinion is "inconsistent with the other evidence as set out above, which also generally and repeatedly observed during multiple clinical examinations that [Plaintiff] had intact strength, no weakness, the ability to move all extremities, no extremity swelling or deformity, and no focal neurological deficits." Tr. 28.

Plaintiff's specific arguments that the ALJ improperly failed to discuss Dr. Stacey's suggested limitations of sitting for four hours in an eight-hour workday for thirty minutes at a time are unavailing for two reasons. Pl. Br. at 6. First, an ALJ is not required to articulate how each individual medical opinion provided was considered, but must generally address the source's medical opinions together in one analysis. 20 C.F.R. §§ 404.1520c(b)(l), 416.920c(b)(l). Here, the ALJ adequately addressed Dr. Stacey's medical opinion as a whole, as discussed above.

Second, while an ALJ may not ignore "significant probative evidence," he may reject unsupported and unexplained opinions such as Dr. Stacey's assessment that Plaintiff can only sit for four hours in an eight-hour workday for thirty minutes at a time. Tr. 1235; *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022); *see Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (finding no error when the Secretary ignored evidence that was neither significant nor probative); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir.

and normal reflexes and sensation. Tr. 28. The ALJ's determination that Dr. Stacey's unduly restrictive opinion was not supported by her own findings is rational and fully complies with the requirements of 20 C.F.R. § 404.1520c(c)(1).

The ALJ also adequately discussed the consistency of Dr. Stacey's opinion when finding it unpersuasive. The consistency factor requires the ALJ to assess a medical opinion's alignment with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). The ALJ found Dr. Stacey's opinion is "inconsistent with the other evidence as set out above, which also generally and repeatedly observed during multiple clinical examinations that [Plaintiff] had intact strength, no weakness, the ability to move all extremities, no extremity swelling or deformity, and no focal neurological deficits." Tr. 28.

Plaintiff's specific argument that the ALJ improperly failed to discuss Dr. Stacey's suggested limitations of sitting for four hours in an eight-hour workday for thirty minutes at a time is unavailing for two reasons. Pl. Br. at 6. First, an ALJ is not required to articulate how each individual medical opinion provided was considered, but must generally address the source's medical opinions together in one analysis. 20 C.F.R. §§ 404.1520c(b)(l), 416.920c(b)(l). The ALJ adequately addressed Dr. Stacey's medical opinion as a whole, as discussed above.

Second, while an ALJ may not ignore "significant probative evidence," he may reject unsupported and unexplained opinions such as Dr. Stacey's assessment that Plaintiff can only sit for four hours in an eight-hour workday for thirty minutes at a time. Tr. 1235; *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022); *see Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (finding no error when the Secretary ignored evidence that was neither significant nor probative); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)) ("The ALJ need not

accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Ultimately, the Court finds that the ALJ sufficiently addressed the consistency and supportability factors and supported the analysis of Dr. Stacey's opinion with substantial evidence.

## ORDER

The ALJ did not err. The decision is AFFIRMED.

It is so ORDERED and DATED this 7 day of October, 2025.

MARK D. CLARKE
United States Magistrate Judge